**Rule 1732.    Application for Stay or Injunction Pending Appeal.**

(a)    *Application to trial court.*—Application for a stay of an order of a trial court pending appeal, or for approval of or modification of the terms of any **[supersedeas]** **_supersedeas_**, or for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal, or for relief in the nature of peremptory mandamus, must ordinarily be made in the first instance to the trial court, except where a prior order under this chapter has been entered in the matter by the appellate court or a judge thereof.

(b)    *Contents of application for stay.*—An application for stay of an order of a trial court pending appeal, or for approval of or modification of the terms of any **[supersedeas]** **_supersedeas_**, or for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal, or for relief in the nature of peremptory mandamus, may be made to the appellate court or to a judge thereof, but the application shall show that application to the trial court for the relief sought is not practicable, or that the trial court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the trial court for its action. The application shall also show the reasons for the relief requested and the facts relied upon, and if the facts are subject to dispute the application shall be supported by sworn or verified statements or copies thereof.  With the application shall be filed such parts of the record as are relevant.  Where practicable, the application should be accompanied by the briefs, if any, used in the trial court. The application shall contain the certificate of compliance required by Pa.R.A.P. 127.

(c)    *Number of copies.*—Seven copies of applications under this rule in the Supreme Court or the Superior Court, and three copies of applications under this rule in the Commonwealth Court, shall be filed with the original.

**Official Note:**

**[The subject matter of this rule was covered by former Supreme Court Rule 62, former Superior Court Rule 53, and former Commonwealth Court Rule 112. The flat seven day period for answer of former Supreme Court Rule 62 (which presumably was principally directed at allocatur practice) has been omitted in favor of the more flexible provisions of Pa.R.A.P. 123(b).]**

**_See generally Pennsylvania Public Utility Commission v. Process Gas Consumers Group_, 467 A.2d 805 (Pa. 1983), for the criteria for the issuance of a stay pending appeal.**

**Rule 1781.   Stay Pending Action on Petition for Review.**

(a)      *Application to government unit.*—Application for a stay or **[supersedeas]** *supersedeas* of an order or other determination of any government unit pending review in an appellate court on petition for review shall ordinarily be made in the first instance to the government unit.

(b)      *Contents of application for stay or supersedeas.*—An application for stay or **[supersedeas]** *supersedeas* of an order or other determination of a government unit, or for an order granting an injunction pending review, or for relief in the nature of peremptory mandamus, may be made to the appellate court or to a judge thereof, but the application shall show that application to the government unit for the relief sought is not practicable, or that application has been made to the government unit and denied, with the reasons given by it for the denial, or that the action of the government unit did not afford the relief which the applicant had requested.  The application shall also show the reasons for the relief requested and the facts relied upon, and if the facts are subject to dispute the application shall be supported by sworn or verified statements or copies thereof. With the application shall be filed such parts, if any, of the record as are relevant to the relief sought.  The application shall contain the certificate of compliance required by Pa.R.A.P. 127.

(c)      *Notice and action by court.*—Upon such notice to the government unit as is required by Pa.R.A.P. 123 (applications for relief) the appellate court, or a judge thereof, may grant an order of stay or **[supersedeas]** *supersedeas*, including the grant of an injunction pending review or relief in the nature of peremptory mandamus, upon such terms and conditions, including the filing of security, as the court or the judge thereof may prescribe. Where a statute requires that security be filed as a condition to obtaining a **[supersedeas]** *supersedeas*, the court shall require adequate security.

**Official Note:**

***See generally Pennsylvania Public Utility Commission v. Process Gas Consumers Group*, 467 A.2d 805 (Pa. 1983), for the criteria for the issuance of a stay pending appeal.**